

**Barbara C. Frankland**
Attorney at Law
913.901.9099
bfrankland@midwest-law.com

August 30, 2019

**VIA PROCESS SERVER, WITH SUBPOENA**

DCP Midstream, LP
c/o The Corporation Company
1833 S Morgan Rd
Oklahoma City, OK 73128

      Re:    Case No. CIV-17-456-GKF-JFJ; *Kunneman Properties LLC, v. Marathon Oil Company*

To Whom It May Concern:

Enclosed is a Subpoena to Produce Documents, Information or Objects, along with a copy of the Stipulated Protective Order filed in the captioned matter. Paragraph 1A of the Protective Order extends the rights and obligations of the Protective Order to any person or entity that produces documents or provides discovery in this case. Please contact me if you have any questions. Otherwise, I look forward to your timely response.

Very truly yours,

Barbara C. Frankland

Enclosures

Cc:    All Counsel of Record (w/encl.)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| KUNNEMAN PROPERTIES, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  17-CV-456-GKF-JFJ |
| MARATHON OIL COMPANY | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          DCP Midstream, LP
          c/o The Corporation Company 1833 S Morgan Rd Oklahoma City, OK 73128
_____
_(Name of person to whom this subpoena is directed)_

   ☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Rex A. Sharp, P.A., 5301 W. 75th St., Prairie Village, KS 66208; bfrankland@midwest-law.com | Date and Time:<br><br>09/16/2019 5:00 pm |
|---|---|

   ☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _8/30/2019_

       CLERK OF COURT
                                                           OR     _Barbara C. Frankland_
_____                          _____
    _Signature of Clerk or Deputy Clerk_                         _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  _____
Kunneman Properties, LLC  _____ , who issues or requests this subpoena, are:
Barbara C. Frankland, 5301 W 75th Street, Prairie Village, KS 66208 bfrankland@midwest-law.com (913) 901-0505

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   17-CV-456-GKF-JFJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>EXHIBIT A</u>

**INSTRUCTIONS:**

1. Each document request below seeks all requested documents, electronically stored information, data, and other things within your possession, custody or control and within your practical ability to obtain. *In re Terrell,* 569 B.R. 881, 889-90 (W.D. Okla. July 19, 2017) ("Documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.") (citations omitted); *Choctaw Town Square, LLC v. Kokh Licensee, LLC,* 2015 WL 11661752 (W.D. Okla. 2015). This includes documents, electronically stored information, data, or other things within the care, custody or control of anyone acting on your behalf, including without limitation, your attorneys, agents, subsidiaries and affiliates.

2. The terms "you" or "your" means DCP Midstream, LP, and any affiliated predecessor or successor entities as well as all those acting on your behalf or controlled by you, including without limitation, your attorneys, agents, subsidiaries and affiliates.

3. Unless otherwise specifically stated, each request seeks all the requested documents, electronically stored information, data, and other things for wells in Oklahoma at any time between September 1, 2011 and ending upon the date of production in response to this subpoena.

4. "Marathon" means to Marathon Oil Company (including its affiliated predecessors and affiliated successors).

5. "Marathon Contract" means any contract or marketing agreement between you and Marathon and any contract or marketing agreement assigned to Marathon under which you gather, compress, dehydrate, treat or process gas from any Marathon Well.

6. "Marathon Well" means each well in Oklahoma in which Marathon marketed gas and its constituents for itself or others at any time between September 1, 2011 and the date of production in response to this subpoena.

7. "Marathon Wells" means all wells in Oklahoma in which Marathon marketed gas and constituents for itself or others at any time between September 1, 2011 and the date of production in response to this subpoena.

8. All monthly accounting data to be produced in numeric (rather than text) format, such as a database file, comma delimited .txt file, or spreadsheet Excel file.

9. Provided with this Subpoena is a copy of the Stipulated Protective Order entered in this case as Document 47. The scope of the Order extends to documents produced by a non-party to the litigation when the non-party follows the procedures set forth in the Order.

**DOCUMENTS AND THINGS TO BE PRODUCED:**

1.  Produce the most recent gas analysis for each of the Marathon Wells.

2.  If the gas from a Marathon Well flows into a meter that receives gas from multiple wells, produce documents that identify each Marathon Well flowing into each meter.

3.  For the gas stream(s) containing gas from any of the Marathon Wells, produce all documents showing the below information for each gas stream at each inlet to the gathering system:

    a.  Monthly average gas analysis (including GPM, HDP, and inerts such as CO2, N2, and Helium);
    b.  Monthly average pressure reading;
    c.  Water vapor content; and
    d.  Volume.

    Where monthly averages are not available, then produce the first gas analysis, pressure reading, and water vapor reading for each month for each inlet to the gathering system.

4.  For the gas stream(s) containing gas from any of the Marathon Wells, produce all documents showing the below information about the gas stream at each inlet to your processing plant(s):

    a.  Monthly average gas analysis (including GPM, HDP, and inerts such as CO2, N2, and Helium);
    b.  Monthly average pressure reading;
    c.  Water vapor content; and
    d.  Volume.

    Where monthly averages are not available, then produce the first gas analysis, pressure reading, and water vapor reading for each month for each inlet to your processing plant.

5.  For each month of gas production at each plant that received gas from any of the Marathon Wells, produce all documents showing the actual TF & S charges to the point of fractionation under the applicable Marathon Contract. (You need only produce documents for locations where NGL mix, raw make NGLs, or Y-Grade NGLs are sent by you or anyone acquiring them from you for fractionation).

6.  Produce all documents identifying each interstate and/or intrastate pipeline(s) into which each of your processing plants delivers Residue Gas from the tailgate(s) of the plant(s).

7.  For each interstate and/or intrastate pipeline identified in response to Request No. 6, produce all documents showing the minimum operating pressure of the transmission line.

8.  For each interstate and/or intrastate pipeline identified in response to Request No. 6, produce all documents showing the standard and/or target operating pressure of the transmission line.

9.  Produce all documents showing the outlet pressure readings for each plant handling gas from any of the Marathon Wells.

10. If the starting price for Residue or NGLs was WASP under any Marathon Contract, produce all documents showing the summary of how the WASP was calculated each month.

11. Produce all documents concerning the sale or transfer of natural gas or NGLs produced from any of the Marathon Wells to or among any divisions, related entities, affiliates of you.

12. Produce all documents related to the monthly volumes, sales prices, and deduction of any fees or in-kind fuel gas, cash fees and percent-of-proceeds fees associated with gathering, compression, dehydration, treating and processing of the natural gas and/or NGLs from the Marathon Wells, including, but not limited to, monthly gas payment statements provided by you to Marathon.

13. Produce all documents concerning any analysis, review, discussion, description, guidelines, policies, practices, and/or standard operating procedures (on an individual or company-wide basis) pertaining to NGL Uplift with respect to production from the Marathon Wells.

14. Produce all documents identifying by name, title, and department all of your executives and employees, current or former, who would have had, or do have, involvement in gathering, processing, or marketing the natural gas and NGLs produced from any of the Marathon Wells.

15. For the persons identified in response to Request No. 14, produce all documents, including but not limited to emails between any of these persons and any employee of Marathon, regarding the deduction of any midstream service cost (monetary or in-kind), such as gathering, compression, dehydration, treatment, processing, or fuel, from royalties.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

KUNNEMAN PROPERTIES LLC,
on behalf of itself and all others similarly
situated,

                     Plaintiff,

v.

MARATHON OIL COMPANY,
(including affiliated predecessors and affiliated
successors)

                     Defendant.

Case No. 17-CV-456-JED-FHM

## DECLARATION OF CUSTODIAN OF BUSINESS RECORDS

I, _____, declare that:
            [name]

(1)    I am a duly authorized custodian of the business records of DCP Midstream, LP of _____ and have the authority to certify those records.
    [city, state]

(2)    The copy of the records attached to this Declaration is a true copy of the records described in the subpoena.

(3)    The records were prepared by the personnel or staff of the business, or persons acting under their control, in the regular course of the business, at or about the time of the act, condition, or event recorded.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on _____, 2019.

_____
Signature of Custodian

**CERTIFICATE OF MAILING**

    I hereby certify that on _____, 2019 I mailed a copy of the above Declaration, along with true and correct copies of the business records identified as responsive to the subpoena, to Barbara C. Frankland of Rex A. Sharp, P.A. at 5301 W. 75th Street, Prairie Village, KS 66208, by _____.

                                           [method of delivery]

_____
Signature of Custodian

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| KUNNEMAN PROPERTIES LLC,<br>on behalf of itself and all others similarly<br>situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 17-CV-456-JED-JFJ |
| | ) | |
| MARATHON OIL COMPANY,<br>(including affiliated predecessors and<br>affiliated successors), | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## STIPULATED PROTECTIVE ORDER

The parties have informed the Court that certain documents and information have been and may be sought, produced or exhibited by and between the parties in this proceeding (the "Proceeding") and that some of these documents relate to the parties' and non-parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential. It has been agreed by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court. The Court has reviewed the terms and conditions of this Protective Order and the Motion for Protective Order (ECF No. 46) is granted. Based on the parties' submissions, it is hereby ORDERED that:

**1. Scope**

      a.     This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-

party, in this Proceeding (the "Supplying Party") to any other party, including any non-party, (the "Receiving Party"), when same is designated with the procedures set forth herein.  This Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.  This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

      b.    Under this Order, any Supplying Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by that Supplying Party, and by the Supplying Party's counsel, to constitute, reflect or disclose trade secret or other confidential research, development, or commercial information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure ("Designated Material").

      c.    "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

      d.    All documents and information described in Paragraph (1)(c) as Confidential Information and which a party, and the party's counsel, believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Order, would compromise and/or jeopardize the

2

Supplying Party's competitive business interests ("Highly Confidential Information"), may be designated as "Highly Confidential" by said party and furnished to the other parties pursuant to this Order.

e.    A party may designate as "Confidential" or "Highly Confidential" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 1(c) and (d).

f.    Subject to paragraph 12(c), all documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as "Confidential" or "Highly Confidential."

## 2.  **Designation of Confidentiality**

Documents or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of this Order in the following ways:

a.    Specific documents produced by a Supplying Party shall, if appropriate, be designated as "Confidential" or "Highly Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential or Highly Confidential information with the legend: "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

b.    In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential or Highly Confidential information shall be made by means of a statement in the answers or responses specifying that the answers or responses or

specific parts thereof are designated "CONFIDENTIAL or HIGHLY CONFIDENTIAL." The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

      c.    In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. After the expiration of the thirty (30) day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If portions of a video recorded deposition are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the videocassette or other videotape container shall be labeled with the same legend provided for in paragraph 2(a).

     d.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 2(a) above. Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

     e.    To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential Information, and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

     f.    The filing of any documents and materials with the Court containing or reflecting the contents of Confidential Information or Highly Confidential Information shall be governed by LCvR 79.1 and Northern District General Order 08-11.  NO SEALED FILINGS SHALL BE MADE PRIOR TO: (1) THE FILING OF A MOTION PURSUANT TO LCvR 79.1, AND (2) AN ORDER GRANTING SUCH MOTION.  The LCvR 79.1 motion shall be filed at least two full

business days prior to the date on which the proposed sealed filing is to be made.  If the LCvR 79.1 motion is granted, and to the extent not inconsistent with rule 79.1 and G.O. 08-11, such documents and materials shall be labeled  "CONFIDENTIAL INFORMATION (or HIGHLY CONFIDENTIAL INFORMATION) - SUBJECT TO COURT ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information or Highly Confidential Information shall be considered Confidential or Highly Confidential and may be disclosed only in accordance with this Order.  Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential or Highly Confidential under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court.  This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order.  Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

      g.    Documents filed under seal may be unsealed at the Court's discretion.

**3.   Use of Confidential Information or Highly Confidential Information**

Subject to Paragraph 12(c), Confidential Information or Highly Confidential Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, ***Kunneman Properties LLC v. Marathon Oil Company,*** **No. 17-CV-456-JED-JFJ**, which case is pending in the United States District Court for the Northern District

6

of Oklahoma, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

4. **Disclosure of Confidential Information**

      a.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

      b.    Subject to Paragraph 6 below, access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

          i.    The parties, including outside and in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

          ii.    Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this Proceeding.

          iii.    Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any obligations or limitations

7

imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv.  Five (and no more than five) directors, officers, employees or other representatives of a party or its corporate parent whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding.  However, a party that originally designated information as "CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees or other representatives.

v.  Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.

vi.  Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

8

vii.  This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

viii.  Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**5.  Disclosure of Highly Confidential Information**

a.  The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "HIGHLY CONFIDENTIAL" pursuant to this Order.

b.  Subject to paragraph 6 below, access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

i.  Outside counsel for the parties as well as their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this litigation.

ii.   Two (and no more than two) in-house counsel of a party or its corporate parent designated as having responsibility for making decisions dealing directly with the resolution of this Proceeding.

iii.   Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this litigation.

iv.   Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

v.   Any person who is shown on the face of "HIGHLY CONFIDENTIAL" material to have authored or received the "HIGHLY CONFIDENTIAL" material sought to be disclosed to that person, but only as to the specific material the person authored or received.

vi.   Two (and no more than two) directors, officers, employees or other representatives of a party or its corporate parent designated as having responsibility for making business decisions dealing directly with the resolution of this Proceeding. However, a party that designated

10

information as "HIGHLY CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees or other representatives.

vii.   Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "HIGHLY CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.

viii.  This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

ix.   Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**6.    <u>Notification of Protective Order</u>**

Confidential Information and Highly Confidential Information shall not be disclosed to a person described in paragraphs 4(b)(iii), 4(b)(iv), 4(b)(v), 4(b)(viii), 5(b)(iv), 5(b)(vii), or 5(b)(ix)

11

unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information and/or Highly Confidential Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within the Stipulated Protective Order, a copy of which shall be provided to the deponent.

7.    **Use of Confidential or Highly Confidential Information at Trial**

The rules and procedures governing the use of Confidential and Highly Confidential Information at trial shall be determined by the Court at the final pretrial conference.

8.    **Objections to Designations**

A party may, at any time, make a good faith challenge to the propriety of a Confidential or Highly Confidential Information designation. In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no

12

such motion is made, the material will retain its designation.  Any documents or other materials

that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated

as Confidential or Highly Confidential until such time as the Court rules that such materials should

not be treated as Confidential or Highly Confidential.

**9.      Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to

make any other type of objection, claim, or other response to discovery requests, including, without

limitation, interrogatories, requests for admissions, requests for production of documents or

questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally

cognizable privilege to withhold any Confidential Information or Highly Confidential Information

other than on the basis that it has been designated Confidential or Highly Confidential, or of any

right which any party may have to assert such privilege at any stage of this litigation.

**10.     Return or Destruction of Materials**

Within sixty business days after the final resolution of this litigation, all Confidential

Information or Highly Confidential Information shall be returned to counsel for the party or non-

party that produced it or shall be destroyed.  As to those materials that contain or reflect

Confidential Information or Highly Confidential Information, but that constitute or reflect

counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain

such work product in their files in accordance with the provisions of this Order, so long as it is

clearly marked to reflect that it contains information subject to this Order.  Such materials may not

be used in connection with any other proceeding or action.  Counsel shall be entitled to retain

pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and

the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

**11.** **Inadvertent or Unintentional Disclosure**

A Supplying Party that inadvertently fails to designate discovery material as "Confidential" or "Highly Confidential" or mis-designates discovery material as "Confidential" or "Highly Confidential" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Supplying Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

**12.** **Other Provisions**

a. The restrictions set forth in this Order shall not apply to documents or information designated Confidential or Highly Confidential that are publicly available or that are obtained

14

independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b.      A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.      Any party or person in possession of Confidential Information or Highly Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential Information shall immediately give written notice by electronic mail to counsel for the other party or person who produced the materials designated as Confidential or Highly Confidential.  The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction.  Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential or Highly Confidential materials, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential materials.

d.      This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the

15

protection of this Order as to said non-party's Confidential Information or Highly Confidential Information and complies with the provisions of this Order.

   e.  Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

   f.  This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

   g.  The Court may amend, modify or dissolve this Protective Order at any time.

   **SO ORDERED** this 25th day of March, 2019.

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KUNNEMAN PROPERTIES LLC,**<br>**on behalf of itself and all others similarly**<br>**situated,** | ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **vs.** | )     **Case No. 17-CV-456-JED-JFJ** <br> ) |
| **MARATHON OIL COMPANY,**<br>**(including affiliated predecessors and**<br>**affiliated successors),** | ) <br> ) <br> ) <br> ) |
| **Defendant.** | ) <br> ) |

### CERTIFICATION

1.      My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.      I have read the Confidentiality Order that has been entered in this case, and a copy of
it has been given to me.  I understand the provisions of this Order, and agree to comply with
and to be bound by its provisions.

3.      I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____, 20___.

by_____
                     (signature).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KUNNEMAN PROPERTIES LLC,**<br>**on behalf of itself and all others similarly**<br>**situated,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-CV-456-JED-JFJ** |
| | ) | |
| **MARATHON OIL COMPANY,** | ) | |
| **(including affiliated predecessors and** | ) | |
| **affiliated successors),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.