**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KUNNEMAN PROPERTIES LLC, On behalf of itself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 17-CV-456-GKF-JFJ |
| MARATHON OIL COMPANY, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Discovery Sanctions (ECF No. 97), which is denied for the reasons explained below.

**I.    Background**[1]

This case involves the alleged underpayment, late payment, or non-payment of royalties and oil and gas production proceeds from gas-producing wells operated by Defendant Marathon Oil Company ("Marathon"). On July 9, 2019, Plaintiff filed a motion to compel, asking the Court to compel Marathon to produce numerous types of documents, including electronically stored information ("ESI") in several categories of documents. ECF No. 50. On October 15, 2019, the Court issued an Opinion and Order ("Discovery Order") granting in part and denying in part Plaintiff's motion to compel. ECF No. 85. The Court instructed the parties to meet and confer to agree on ESI protocols, but it did not set a deadline for Marathon to comply with the Discovery Order. Following the Discovery Order, Plaintiff filed an unopposed motion for a ninety-day

---

[1] This Order assumes familiarity with Plaintiff's Class Action Complaint (ECF No. 2), Judge Frizzell's Opinion and Order dated September 24, 2019 (ECF No. 83), and this Court's Opinion and Order dated October 15, 2019 (ECF No. 85).

extension of the Second Scheduling Order, both to allow Marathon time to comply with the Discovery Order and to permit Plaintiff to file a First Amended Complaint. ECF No. 86. Judge Frizzell granted the motion. ECF No. 88. On November 19, 2019, the parties entered into a joint ESI stipulation, in accordance with the Discovery Order. ECF No. 95. Pursuant to the joint stipulation, Marathon provided ESI disclosures on November 22, 2019, indicating the custodians and data sources Marathon had identified as most likely to contain ESI responsive to the matters addressed in the Discovery Order. ECF No. 97-1.

Plaintiffs wrote to Marathon on December 11, 2019, objecting to Marathon's ESI disclosures as deficient in various respects. ECF No. 97-2. On the same date, Plaintiffs issued a Rule 30(b)(6) deposition notice to Marathon regarding the "data sources" Marathon identified on November 22, 2019. ECF No. 97-5. Marathon responded to Plaintiffs' letter on December 13, 2019, stating that there appeared to be a "misunderstanding" regarding the scope of the ESI search Marathon intended to conduct and noting Marathon's commitment to working in good faith toward an agreed ESI search protocol to comply with the Discovery Order. ECF No. 97-3. On December 18, 2019, Marathon proposed dates for presenting a 30(b)(6) witness, and the parties ultimately agreed to conduct the deposition on January 31, 2020. ECF Nos. 97 at 7-8, 97-6, 97-7, 99-3. Despite their disagreement with Marathon's responses, Plaintiffs provided proposed search terms on December 31, 2019. ECF Nos. 97 at 7, 97-4.

On January 29, 2020, Plaintiffs filed the current motion for sanctions against Marathon related to compliance with the Discovery Order. ECF No. 97. On March 23, 2020, Marathon filed an unopposed motion to extend the scheduling order deadlines by 120 days, due both to the scope of discovery remaining to be done and to the business disruption caused by the COVID-19

pandemic.  ECF No. 100.  Judge Frizzell granted the motion, extending Plaintiffs' deadline for filing a class certification brief to August 12, 2020.  ECF No. 101.

Plaintiffs now allege Marathon has failed to produce any further documents since the Court entered the Discovery Order, which warrants sanctions against Marathon.  ECF No. 97.  Plaintiffs further allege that Marathon's ESI disclosures are inadequate and fail to comply with the agreed ESI protocol.  Plaintiffs specifically request that, as a sanction, Marathon be precluded from contesting commonality and predominance for class certification.  Marathon responds that it has not engaged in sanctionable discovery abuse and continues to conduct document discovery diligently and in good faith.  ECF No. 98.  Marathon further argues that Plaintiffs' motion should be denied for failure to first attempt a meet and confer, which violated LCvR 37.1 and the parties' joint stipulation for ESI discovery.

**II.     Standard of Review**

Rule 37(b)(2) authorizes sanctions if a party fails to obey a court's discovery order.  Permissible sanctions for violations include those listed in Rule 37(b)(2)(A), which include a sanction of dismissal with prejudice and a host of other less severe sanctions.  District courts have "very broad discretion to use sanctions where necessary to insure that lawyers and parties fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial."  *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (quotation and alterations omitted).  The Tenth Circuit has cautioned that, before entering a dismissal sanction or other serious merits sanction, "a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the [movant]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser

3

sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted). This list of factors does not establish a "rigid test," and a court should evaluate any other relevant factors on the record. *Id.*

### III.  Analysis

Plaintiffs' requested sanction of barring Marathon from contesting two elements of the class-certification analysis is a serious sanction that warrants inquiry into the *Ehrenhaus* factors. Considering the relevant factors, the Court denies the requested sanction. First, Plaintiff has suffered minimal prejudice as a result of waiting ninety days to receive additional ESI documents from Marathon. This prejudice is now minimized even further, given that Judge Frizzell extended the class certification briefing deadline to August 12, 2020. Moreover, the Third Amended Scheduling Order does not impose a discovery deadline for Marathon to comply with the Discovery Order. On the other hand, Plaintiff's requested sanction could result in class certification being improperly granted, which may prejudice Marathon by having to defend against a class that is unsuited to collective adjudication. Such a harsh sanction is disproportionate to the degree of prejudice Plaintiffs have suffered up to this point.

Second, Marathon did not unilaterally force an extension of the class certification schedule. Rather, both parties agreed to extend the schedule, both to give Marathon more time to comply with the Discovery Order and to permit Plaintiff to file an amended complaint. Moreover, Plaintiff agreed to Marathon's most recent request to extend the schedule, due in part to the unprecedented and unexpected delays caused by the COVID-19 pandemic. Plaintiff's arguments to the contrary are disingenuous and misleading. Third, there is no evidence that Marathon is deliberately withholding evidence in defiance of the Discovery Order, and the submitted correspondence from Marathon indicates that it is working in good faith to comply. Marathon's ESI disclosures

4

identified numerous custodians and data sources, and it confirmed that it would be searching emails and any personal or shared drives or folders for custodians that are selected for searches. ECF Nos. 98-2, 98-6.  The parties can continue to work together in good faith to ensure Marathon is searching for terms across appropriate custodians and data sources.

Fourth, the Court has not warned Marathon of the consequences of failure to comply with the Discovery Order.  Fifth, the class certification sanctions that Plaintiffs request are out of proportion to any delays Marathon has caused since the Discovery Order.  Months still remain before the class certification brief is due, and Marathon has indicated in its response brief that it has now provided a substantial volume of data and documents in compliance with the Discovery Order.  See ECF Nos. 98 at 4, 98-3, 98-4.  Given the potential volume of data, it is not unreasonable that it would take several months to prepare documents in response to the Discovery Order.

Finally, Plaintiffs' failure to attempt to meet and confer with Marathon prior to filing this motion, in violation of LCvR 37.1, diminishes Plaintiffs' argument that Marathon's delays are deliberate or done in bad faith.[2]  Plaintiffs' failure to attempt a meet and confer did not give Marathon an opportunity to "evaluate, explain, or correct" its production delay.  *See Hightower v. Heritage Acad. of Tulsa, Inc.*, 07-CV-602-GKF-FHM, 2008 WL 4858269, at *5 (N.D. Okla. Nov. 10, 2008).  Although the Court does not deny Plaintiffs' motion based solely on the failure to meet and confer, as Marathon recommends, the Court considers it a factor weighing against sanctions and disagrees with Plaintiffs' argument that conferring necessarily would have been futile.

---

[2] The ESI stipulation further provides that, "No party may seek judicial relief concerning this Production Stipulation unless it first has conferred with the applicable producing or requesting party." ECF No. 95 at 9, ¶ IV(B). Plaintiffs argue that its previous letter correspondence with Marathon satisfies the ESI stipulation's requirement. *See* ECF No. 97-2.  Even if Plaintiffs are correct on this point, Plaintiffs do not adequately explain their failure to attempt a meeting or phone call as required by LCvR 37.1.

**IV.     Conclusion**

Plaintiffs' Motion for Sanctions (ECF No. 97) is **DENIED**. The parties should continue to work together in good faith to agree on ESI search terms, custodians, and data sources. Marathon shall inform Plaintiffs of its expected production dates no later than three days from the date of this Order.

**SO ORDERED** this 24th day of April, 2020.

*[Signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**